UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jack Collins, III, | Civ. No. 22-2818 (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| State of Florida, | |
| Defendant. | |

The matter is before the Court on Plaintiff Jack Collins, III's Complaint (Docket No. 1), and Application to Proceed Without Prepaying Fees or Costs ("IFP application") (Docket No. 2). Under 28 U.S.C. § 1915(e), when an individual seeks to proceed without prepayment of fees and costs, the Court must dismiss the case if the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court has reviewed Collins's Complaint and finds that it fails to state a claim on which relief can be granted as a matter of law. The Court therefore will dismiss the Complaint without prejudice and deny the IFP application as moot.

**BACKGROUND**

Although Collins's claims are difficult to decipher, it appears that the gravamen of the suit stems from the State of Florida's sex offender registration requirement. Collins claims that after his mother died, he moved to Florida with his three children and intended to live with his grandchildren. (Docket No. 1 at 4). Collins alleges that when he moved to

1

Florida, he was told he could not live with his grandchildren and was required to register as a sex offender, even though his civil rights had been restored in Minnesota except his right to possess firearms.  Id.  Collins claims he was told that he would go to jail if he did not pay $19.00 and sign the sex offender registration form.  Id.  According to Collins, he transferred his driver's license from Minnesota to Florida, and now he wants his driver's license back.  Id.  Collins requests more than $75,000 in money damages.

**DISCUSSION**

To determine whether a complaint states a claim, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014).  The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, the complaint must "state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  Although pro se complaints, such as this one, are entitled to a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Collins appears to argue that because he does not need to register as a predatory offender in Minnesota, he should not have to register as a predatory offender in Florida, either.  The problem, however, is that Collins is attempting to sue the State of Florida for

2

monetary relief. Absent two limited exceptions, the Eleventh Amendment bars private parties from suing a state in federal court. See Skelton v. Henry, 390 F.3d 614, 617 (8th Cir. 2004); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (affirming dismissal of claims against state agency on the basis of Eleventh Amendment immunity).

The only exceptions to sovereign immunity are when Congress has abrogated the state's immunity or when the state has consented to suit or waived its immunity. Seminole Tribe v. Florida, 517 U.S. 44, 54-55 (1996). The claim Collins raises will determine whether either exception applies. Though it is not entirely clear what cause of action Collins is alleging—and recognizing that pro se complaints are to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976)—the Court views Collins's claim as alleging that the State of Florida required him to register as a predatory offender in violation of his constitutional rights, which is akin to a claim under 42 U.S.C. § 1983.[1]

Section 1983 requires a plaintiff to "allege the violation of a right secured by the Constitution and laws of the United States, and [] show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Assuming for purposes of this review that Collins has articulated a violation of his constitutional rights, the State of Florida is not a "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989). Further, Congress has not

---

[1] To the extent that Collins is attempting to plead some other cause of action, the Court cannot find it in his Complaint (Docket No. 1) or attached exhibits (Docket No. 1-1). See Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

abrogated Eleventh Amendment immunity for § 1983 actions, id. at 66 (concluding that Congress did not intend to override sovereign immunity in enacting 42 U.S.C. § 1983), and the State of Florida has not consented to suit. Gamble v. Fla. Dept. of Health & Rehab. Servs., 779 F.2d 1509, 1513-20 (11th Cir. 1986) (concluding that Florida did not waive its sovereign immunity in § 1983 actions). Accordingly, the Eleventh Amendment bars § 1983 claims against the State of Florida.

And to the extent that Collins is requesting equitable relief in the form of demanding the return of his Minnesota driver's license or other non-monetary relief, his claims are still barred under the doctrine of sovereign immunity. While "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies." Monroe v. Ark. State Univ., 495 F.3d 591, 594 (8th Cir. 2007); see also Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought."). In this case, the sole Defendant in this action is the State of Florida; Collins names no individual to this lawsuit. Any claim for equitable relief therefore fails.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Complaint (Docket No. 1) is **DISMISSED without prejudice**; and

2. The IFP Application (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: Tuesday, November 29, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court  Judge